IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANTONIO BAEZ, | Case No. 1:19 cv 623 |
| Plaintiff, | |
| v. | MAGISTRATE JUDGE THOMAS M. PARKER |
| CITY OF CLEVELAND, et al., | |
| Defendants. | **MEMORANDUM OF OPINION AND ORDER** |

**I.     Introduction**

Defendant City of Cleveland ("Cleveland") moves for judgment on the pleadings on the claims asserted in Plaintiff Antonio Baez's ("Baez") first amended complaint. ECF Doc. 27. The parties consented to my jurisdiction. ECF Doc. 16. After construing the allegations in the complaint in a light most favorable to Baez, the court must GRANT Cleveland's motion for judgment on the pleadings as further explained below. The court will DENY Baez's alternative motion for leave to file second amended complaint.

**II.    Statement of Facts**

The following facts, taken from the pleadings, must be assumed to be true for purposes of this motion. On January 9, 2017, Richard Jackson, an employee of the Cleveland Police Department began investigating a sex crime involving a minor who was "touched" by a family friend named Antonio Baez. ECF Doc. 24 at 3-4. The case was referred to a grand jury on September 13, 2017; and, unfortunately, an indictment was returned on January 18, 2018, which

charged the wrong Antonio Baez with rape, gross sexual imposition and kidnapping. ECF Doc. 24 at 5 and ECF Doc. 24-2 at 3.

Plaintiff, who is the "wrong" Antonio Baez ("Baez"), works as a deputy sheriff with the Cuyahoga County Sheriff's Office providing security in the Parma City School District. He is also an active member of the United States Army Reserve. He was deployed on active duty from approximately June 2018 to May 2019. ECF Doc. 24 at 6.

In February 2018, Baez was informed by law enforcement that there was an active arrest warrant against him. His school employer was also informed and received a copy of the indictment charging Baez with crimes against a minor. When Baez's mistaken identity was realized, the case against him was dismissed and expunged on February 27, 2018. ECF Doc. 24 at 6-7.

On November 19, 2018, Baez filed a complaint against the City of Cleveland and (ironically) the wrong detective, Quentin Johnson. His complaint was filed in the Cuyahoga County Court of Common Pleas and removed to this court on March 21, 2019. On September 4, 2019, Baez sought leave to name Defendant Richard Jackson as the detective who investigated and incorrectly charged Baez. ECF Doc. 19. The City of Cleveland opposed Baez's motion. ECF Doc. 22. However, on October 7, 2019, the court granted Baez's motion to amend (ECF Doc. 23); and he filed an amended complaint on October 15, 2019. ECF Doc. 24.

Baez's amended complaint asserts the following claims: 1) a § 1983 action against Jackson for unlawful search and seizure; 2) a § 1983 action against Jackson for malicious prosecution; 3) a § 1983 action against Cleveland for customs and policies causing constitutional violations (a *Monell* claim); 4) defamation claims against both defendants; and 5) a malicious prosecution claim against both defendants. ECF Doc. 24.

On November 4, 2019, Cleveland filed a motion for judgment on the pleadings. ECF Doc. 27. Cleveland argues that Baez's *Monell* claim should be dismissed because he has failed to state, with any clarity, what constitutional rights were violated and has failed to articulate any factual allegations regarding a policy or custom that violated his constitutional rights. Cleveland also asserts that it is immune from Baez's state law tort claims pursuant to Ohio Rev. Code § 2744 *et seq.* ECF Doc. 27. Baez filed an opposition to Cleveland's motion on December 4, 2019. ECF Doc. 28. Cleveland filed a reply in support of its motion for judgment on the pleadings on December 17, 2019. ECF Doc. 30.

### III.     Standard of Review

A "motion for judgment on the pleadings under Rule 12(c) is generally reviewed under the same standard as a Rule 12(b)(6) motion." *Mellentine v. Ameriquest Mortg. Co.*, 515 F. App'x 419, 423, 2013 U.S. App. LEXIS 3353 (6th Cir. 2013) (citing *EEOC v. J.H. Routh Packing Co.,* 246 F.3d 850, 851 (6th Cir. 2001)). The court must construe the complaint in a light most favorable to the plaintiff and accept all factual allegations as true. *Kottmyer v. Maas,* 436 F.3d 684, 688 (6th Cir. 2006). The factual allegations must raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In other words, the Rule 12(b)(6) standard requires that a plaintiff provide enough facts to state a claim to relief that is plausible on its face. *Id.* at 569.

While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Bare allegations without a factual context do not create a plausible claim. *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano,* 648 F.3d 365, 374 (6th Cir. 2011). A complaint must contain direct or inferential factual allegations respecting all the material elements under

3

some viable legal theory. *Mezibov v. Allen,* 411 F.3d 712, 716 (6th Cir. 2005). The bare assertion of legal conclusions is not enough to constitute a claim for relief. *Id.* at 716.

**IV.     Law &Analysis**

    **A.     Baez's Third Cause of Action - § 1983 *Monell* Claim**

Cleveland argues that it is entitled to judgment on the pleadings on Baez's *Monell* claim because Baez has failed to state any constitutional violation in his amended complaint. A city or municipality may only be held liable for the constitutional violations predicated on the conduct of its own employees under 42 U.S.C. § 1983 if those actions are the result of a practice, policy, or custom of the municipality itself. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Such a claim is commonly called a *Monell* claim. Obviously, in order to bring a *Monell* claim, there must be an underlying constitutional violation by one of the municipality's employees. *Watkins v. City of Battle Creek,* 273 F.3d 682 (6th Cir. 2001). To succeed on a municipal liability claim, a plaintiff must establish that his constitutional rights were violated and that a policy or custom of the municipality was the 'moving force' behind the deprivation of the plaintiff's rights. *Miller v. Sanilac Cnty.,* 606 F.3d 240, 254-255 (6th Cir. 2010).

There are four types of municipal action that, *if* they cause the underlying constitutional violation, can establish liability under a *Monell* claim: 1) legislative enactments or official policy; 2) actions by officials with final decision-making authority; 3) a policy of inadequate training or supervision; or 4) a custom of tolerance of rights violations. *France v. Lucas,* No. 1:07CV3519, 2012 U.S. Dist. LEXIS 151344, 2012 WL 5207555, at *12 (N.D. Ohio Oct. 22, 2012), *aff'd*, 836 F.3d 612 (6th Cir. 2016).

4

Here, Baez asserts a claim that Cleveland inadequately trained or supervised its employees. To state a claim for failure to adequately train or supervise, a plaintiff must sufficiently plead that "(1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury." *Regets v. City of Plymouth,* 568 F. App'x 380, 394 (6th Cir. 2014). To establish deliberate indifference, the plaintiff ordinarily "'must show prior instances of unconstitutional conduct demonstrating that the [municipality] has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury.'" *Miller v. Sanilac Cnty.,* 606 F.3d 240, 255 (6th Cir. 2010)) (quoting *Fisher v. Harden,* 398 F.3d 837, 849 (6th Cir. 2005)).

Baez argues that, because he was mistakenly charged for a crime he didn't commit, the court should *assume* that Cleveland poorly trained its officers. But poor training is not the only plausible explanation for Baez's problems. Baez had the same last name as the suspected perpetrator. It is possible that, despite proper training, Cleveland's employee(s) made an error resulting in the wrong Antonio Baez being indicted.

Baez does not cite any Cleveland policy leading to this mistake. For example, he doesn't allege that Cleveland pressured its employees to file more indictments or recklessly prosecute child sex crimes. He doesn't allege that Cleveland had a history of looking the other way when the wrong individuals were prosecuted for crimes. He also has not alleged that there are other examples of Cleveland charging and/or prosecuting the wrong individual for crimes. "A single incident alleging illegal activity is insufficient to withstand a 12(b)(6) motion to dismiss." *Houpt v. City of Cleveland,* Case No. 1:13 CV 1836, 2013 U.S. Dist. LEXIS 171615 (N. D. Ohio, Dec. 5, 2013). The fact that the charges against Baez were quickly dropped when the mistake was

5

realized suggests that Cleveland was not promoting a policy resulting in the wrong individuals being charged with crimes. Such a policy would only create more work and unnecessarily waste Cleveland's resources.

The court also agrees with Cleveland that Baez has not alleged any underlying constitutional claim. Baez alleges that "Cleveland implements customs and policies for training and supervision of police officers on searches, seizures, lawful arrests, and pursuing criminal charges supported by probable cause that violate the *Fourth Amendment* and *Fourteenth Amendment*[] [to] the United States Constitution." ECF Doc. 24 at 11. However, the factual allegations of his complaint suggest no such policies or customs. It was not improper for Cleveland to investigate and prosecute an individual named Antonio Baez for the crimes alleged by his victims. Baez has not alleged any Cleveland a policy that encourages its employees to charge the wrong individual (who has the same name) with crimes.

Baez's complaint does not allege that he was searched, seized or unlawfully arrested. It suggests that Baez's character may have been cast in a bad light and/or that he lost wages and earning capacity, but these are hardly deprivations of life, liberty or the pursuit of happiness. And Baez has not alleged any permanent or long-lasting consequences. Baez was not arrested, and the charges were quickly expunged. He didn't lose his job. He does not allege he was treated differently than other similarly situated individuals on an unconstitutional basis. In short, Baez has not alleged any underlying constitutional violation by Cleveland's employees that would serve as the basis for his *Monell* claim.

Baez argues that his *Fourth Amendment* right against search and seizure was violated due to the unjust prosecution stemming from Cleveland's mistake. Interestingly, he cites caselaw holding that the *tort* of malicious prosecution can cause unjustified torment and anguish, but it is

6

not a constitutional violation. See *Albright v. Oliver,* 510 U.S. 266, 283, 114 S. Ct. 807 (1994). The case Baez cites actually supports Cleveland's argument that no constitutional violation occurred. *Id.,* at 286.

Baez argues that his case should be distinguished from a case cited by Cleveland, *Howard v. City of Girard,* 346 F. App'x 49 (6th Cir. 2009). Howard sued the City of Girard when an emergency crew failed to prevent him from entering an apartment and observing his father who had committed suicide. He argued that the emergency crew's lack of training led to his severe psychic injury. The court agrees with Baez that the facts of *Howard* are very different from the facts he alleges. However, they have this in common, both he and Howard failed to allege a violation of a recognized constitutional right. As in *Howard,* Baez does not identify any particular constitutional right that Cleveland violated (*Id.* at 51) and without an underlying constitutional violation, Baez has not properly alleged a *Monell* claim against the City of Cleveland.

*In Baker v. McCollan,* 443 U.S. 137, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979), McCollan filed a §1983 action against a sheriff who arrested him because he had the same name as an individual named in an arrest warrant. McCollan spent the weekend in jail before his claims of innocence were verified and he was released. The Supreme Court held that McCollan had not identified any constitutional violation. The warrant by which he was arrested had been issued with probable cause and his detention of three days over a New Year's weekend did not amount to a deprivation of his constitutional rights. The Court recognized that McCollan could pursue a tort claim of false imprisonment, but he had failed to state the constitutional violation required in a § 1983 action. McCollan did not state a constitutional violation even though he spent the

7

weekend in jail. Baez was not even arrested; his claim of a constitutional violation is weaker than *McCollan's*.

Because Baez has neither identified no alleged any underlying violation of a constitutional right supporting his §1983 claim against the City of Cleveland or that a policy or custom of the Cleveland was the 'moving force' behind the deprivation of his rights, he has failed to state a §1983 action against Cleveland. Because Baez has not alleged enough facts to state a plausible §1983 action against Cleveland, his Third Cause of Action must be dismissed. The court GRANTS Cleveland's motion for judgment on the pleadings on Baez's Third Cause of Action.

**B.     Immunity**

Cleveland argues that Baez's state law tort claims must be dismissed because Cleveland is entitled to statutory immunity under Ohio Rev. Code § 2744.02. The Ohio Revised Code establishes a three-tier analysis for determining whether a political subdivision is immune from liability:

> First, R.C. 2744.02(A)(1) sets forth the general rule that a political subdivision is immune from liability for acts or omissions connected with governmental or proprietary functions. Second, R.C. 2744.02(B) lists five exceptions to the general immunity granted to political subdivisions under R.C. 2744.02(A)(1). Finally, R.C. 2744.03(A) makes available further defenses and immunities that a political subdivision may assert if it is subject to liability under R.C. 2744.02(B).

*Frazier v. Clinton Cnty. Sheriff's Office*, 12th Dist. Clinton No. CA2008-04-015, 2008-Ohio-6064, ¶ 28 (citations omitted); *see also Colbert v. Cleveland,* 99 Ohio St. 3d 215, 2003-Ohio-3319, 790 N.E.2d 781, 7-9. "[R]elying on the statutory language of R.C. 2744.02(B), Ohio courts consistently have held that political subdivisions are immune from intentional tort claims." *Harris v. Sutton*, 183 Ohio App. 3d 616, 2009-Ohio-4033, 918 N.E.2d 181, ¶ 15 (8th Dist.) (citing *Wilson v. Stark Cnty. Dep't of Human Servs.,* 70 Ohio St. 3d 450, 1994 Ohio 394,

8

639 N.E.2d 105, 107 (Ohio 1994)); *see also Zieber v. Heffelfinger,* 5th Dist. Richland No. 08CA0042, 2009-Ohio-1227, ¶ 27. And, specifically, Ohio courts have held that political subdivisions are immune from intentional torts such as malicious prosecution[1], civil conspiracy, spoliation of evidence and defamation. *R.K. v. Little Miami Golf Ctr.,* 2013-Ohio-4939, 1 N.E.3d 833, ¶ 49 (1st Dist.); *Walsh v. Village of Mayfield*, 8th Dist. Cuyahoga No. 92309, 2009-Ohio-2377, ¶ 11; *Zieber*, 2009-Ohio-1227, ¶ 27; *Vaughn v. Lake Metro Hous. Auth.,* 11th Dist. Lake No. 2009-L-153, 2010-Ohio-3686, ¶ 46.

A municipal corporation such as the City of Cleveland is a political subdivision for immunity purposes. See Ohio Rev. Code § 2744.01(F). Further, "the operation of a police department and the enforcement of the law are governmental functions." *Harris*, 183 Ohio App. 3d 616, 2009-Ohio-4033, ¶ 13, 918 N.E.2d 181.

The second tier of the analysis involves determining whether any exceptions to immunity apply. The statutory exceptions are:

1) Negligent operation of a motor vehicle;
2) Negligent conduct of employees while carrying out a proprietary function;
3) Failure to keep roads free from nuisance;
4) Negligently causing injury or loss that occurs on the grounds of certain governmental properties; and
5) Any other situation in which liability is expressly imposed by the Revised Code.

Ohio Rev. Code 2744.02(B). It does not appear that any of the exceptions applies in this case. Baez has not argued that any of the exceptions apply. He argues only that Ohio Rev. Code Chapter 2744 does not apply because his civil claims are based on a constitutional violation.

---

[1] Moreover, as argued in Cleveland's reply, the Sixth Circuit has held that a plaintiff cannot pursue a constitutional claim for malicious prosecution unless he was arrested, incarcerated, required to post bond, stood trial before his charges were dismissed, or was subject to travel restrictions. *Noonan v. Cty. Of Oakland,* 683 F. App'x 455, 463 (6th Cir. 2017).

9

However, as explained above, Baez has not identified any constitutional violation that occurred here. Baez may be able to assert tort claims related to the mishap that occurred, but he cannot assert them against Cleveland because it is immune.

## V.     Leave to Amend

Fed. R. Civ. P. 15 provides that leave to amend should be freely given. But, if a proposed amendment would not survive a motion to dismiss, it is futile. *Riverview Health Inst., LLC v. Med. Mut. of Ohio,* 601 F.3d 505, 512 (6th Cir. 2010). Baez has failed to identify any underlying violation of his constitutional rights in his § 1983 claim against Cleveland and, as explained above, further development of the facts through discovery would not change that. Cleveland also enjoys statutory immunity against his tort claims. Because another amendment of his claims against Cleveland would be futile, his alternative motion to file a second amended complaint must be DENIED.

## VI.    Conclusion

Because Baez has not identified any underlying constitutional violation or a Cleveland policy which caused the incorrect "Antonio Baez" to be charged in a grand jury indictment, Cleveland is entitled to a dismissal of his Third Cause of Action. Because Cleveland is statutorily immune from liability on state law tort claims such as malicious prosecution and defamation and because no exceptions to that immunity apply, Cleveland is also entitled to a dismissal of Baez's Fourth and Fifth Causes of Action. The court, therefore, GRANTS Cleveland's motion for judgment on the pleadings. ECF Doc. 27. Because another amendment of Baez's claims against Cleveland would be futile, his alternative motion to file a second amended complaint is DENIED.

The only claims remaining in this case are those that Baez has asserted against Defendant Richard Jackson. However, it does not appear that Richard Jackson has been served. The court will permit Baez to serve Jackson within 60 days of this order. The status conference scheduled for January 21, 2020 is hereby CANCELLED. The court will consider rescheduling the status conference if plaintiff obtains service on Defendant Jackson and he files an answer.

IT IS SO ORDERED.

Dated: December 27, 2019

Thomas M. Parker
United States Magistrate Judge