IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANTONIO BAEZ, | Case No. 1:19 cv 623 |
| Plaintiff, | |
| v. | MAGISTRATE JUDGE THOMAS M. PARKER |
| CITY OF CLEVELAND, et al., | |
| Defendants. | **MEMORANDUM OF OPINION AND ORDER** |

**I.  Introduction**

Plaintiff, Antonio Baez, instituted this action under 42 U.S.C. § 1983 to recover damages for the alleged violation of his constitutional rights by defendants.  ECF Doc. 24.  The court previously dismissed claims against the City of Cleveland, leaving pending only the claims of newly added Defendant Richard Jackson ("Jackson").  ECF Doc. 31.  Now, Jackson has moved to dismiss (ECF Doc. 34) the claims asserted against him.  The parties consented to my jurisdiction.  ECF Doc. 16.  After construing the allegations in the complaint in a light most favorable to Baez, the court hereby GRANTS Jackson's unopposed[1] motion to dismiss as further explained below.

---

[1] After Jackson filed a motion to dismiss, Baez's attorney filed a motion to withdraw.  The court granted the motion to withdraw on June 10, 2020 and extended Baez's deadline for filing a response to July 10, 2020.  On August 4, 2020, the court granted Baez's additional motion for an extension of sixty days to file an opposition to Jackson's motion to dismiss.  ECF Doc. 41.  The court's order stated that his response to the motion would be due on or before September 17, 2020 and that no further extensions would be granted.  To date, Baez has not filed any response to Jackson's motion to dismiss, which remains unopposed.

**II.     Statement of Facts**

The following facts, taken from the pleadings, must be assumed to be true for purposes of this motion.  On January 9, 2017, Jackson, a detective with the Cleveland Police Department began investigating a sex crime involving a minor who was "touched" by a family friend named Antonio Baez.  ECF Doc. 24 at 3-4.  The case was referred to the Cuyahoga County grand jury on September 13, 2017.  ECF Doc. 24 at 5.  An indictment was returned on January 18, 2018, charging Plaintiff Baez, who has the same name as the alleged perpetrator, with rape, gross sexual imposition, and kidnapping.  ECF Doc. 24 at 5.  Plaintiff Baez is not the perpetrator who was investigated by Jackson.  ECF Doc. 24-2 at 3.

Plaintiff Baez ("Baez"), works as a deputy sheriff in the Cuyahoga County Sheriff's Office; among other things, he has provided security for minors in the Parma City School District.  He is also an active member of the United States Army Reserve.  He was deployed on active duty from approximately June 2018 to May 2019.  ECF Doc. 24 at 6.

In February 2018, the school where Baez was assigned in Parma received a copy of the indictment before Baez was notified of the charges.  ECF Doc. 24 at 6.  However, it does not appear that either that school or his employer took any adverse employment action against Baez.  He is still employed as a deputy sheriff and is assigned to work in the Parma City School District with the same responsibilities.  ECF Doc. 24 at 6. When Baez's mistaken identity was realized, the case against him was dismissed and the record sealed on February 27, 2018.  ECF Doc. 24 at 6-7.

On November 19, 2018, Baez filed a complaint against the City of Cleveland and the wrong detective, Quentin Johnson.  The complaint was filed in the Cuyahoga County Court of Common Pleas and removed to this court on March 21, 2019.  On September 4, 2019, Baez

2

sought leave to amend his complaint to name Richard Jackson as a defendant in place of the incorrectly named Quentin Johnson. ECF Doc. 19. The City of Cleveland opposed Baez's motion, asserting that the amendment did not relate back under Fed. R. Civ. P. 15 because Richard Jackson did not have prior notice of the action. ECF Doc. 22. On October 7, 2019, the court granted Baez's motion to amend (ECF Doc. 23); and Baez filed an amended complaint on October 15, 2019. ECF Doc. 24.

Baez's amended complaint has asserted the following claims against Defendant Jackson: 1) a § 1983 action for unlawful search and seizure; 2) a § 1983 action for malicious prosecution; 3) a defamation claim; and 4) a malicious prosecution claim under Ohio law. ECF Doc. 24.

Defendant Jackson, now moves to dismiss, pursuant to Fed. R. Civ. P 12(b)(6), Baez's four remaining claims against him. ECF Doc. 34. The court granted two motions for extension, but Baez has failed to oppose Jackson's motion to dismiss.

**III.    Standard of Review**

Before filing a responsive pleading, a party may move to dismiss any claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to [the] plaintiff[], accept all the well-pleaded factual allegations as true, and draw all reasonable inferences in [the] plaintiff['s] favor." *Guertin v. Michigan*, 912 F.3d 907, 916 (6th Cir. Jan 4, 2019). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). To survive, the factual assertions in the complaint must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**IV.  Law &Analysis**

  **A. Baez's First Cause of Action — §1983 Fourth Amendment Seizure Claim**

Baez's First Cause of Action is a § 1983 claim against Jackson for issuing an arrest warrant without probable cause.  ECF Doc. 24 at 8.  42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

To prove a claim under § 1983, a plaintiff must demonstrate "that he was deprived of a right secured by the Constitution or laws of the United States, and that he was subjected to or caused to be subjected to this deprivation by a person acting under color of state law." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994).  There is no dispute that Jackson was acting under the color of state law; the dispute here centers on whether Baez has alleged any deprivation of a constitutional right.

Baez's alleged constitutional violation is that Jackson caused an arrest warrant to be issued against him without probable cause in violation of his Fourth Amendment rights.  ECF Doc. 24 at 8.  The Fourth Amendment guarantees that no warrants shall issue, except upon probable cause.  Here, Baez alleges that a warrant was issued for his arrest because he shared the same name as the alleged perpetrator.  In other words, Baez does not allege facts indicative of a lack of probable cause,[2] but only that an arrest warrant was wrongly issued against the incorrect Antonio Baez.  This is a case of mistaken identity; a *valid* arrest warrant was mistakenly issued for the wrong individual.

---

[2] Baez asserts a conclusory allegation that the warrant lacked probable cause.  However, by also alleging that Jackson referred the case to a grand jury, Baez implicitly alleges that a presumption of probable cause existed – as further explained below.

4

As argued by Defendant Jackson, this court has already determined that Baez failed to establish any constitutional violation as a result of the issuance of the arrest warrant. More fundamentally, Baez was not actually arrested as a result of the issuance of the warrant. ECF Doc. 31. *In Baker v. McCollan,* 443 U.S. 137, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979), McCollan filed a §1983 action against a sheriff who arrested him because he had the same name as an individual named in an arrest warrant. McCollan spent the weekend in jail before his claims of innocence were verified and he was released. The Supreme Court held that McCollan had not identified any constitutional violation. The warrant by which he was arrested had been issued with probable cause and his detention of three days over a New Year's weekend did not amount to a deprivation of his constitutional rights. The Court recognized that McCollan could pursue a tort claim of false imprisonment, but he had failed to state the constitutional violation required in order to support a § 1983 action. McCollan suffered no constitutional deprivation even though he spent the weekend in jail. Baez was not even arrested; his claim of a constitutional violation is much weaker than the plaintiff's in *McCollan*.

Because Baez has not sufficiently alleged that his constitutional rights were violated as the result of the mistaken issuance of an arrest warrant (which was never executed), he has failed to state a viable §1983 claim against Jackson, and his First Cause of Action must be dismissed.

    **B.**    **Baez's Second Cause of Action — §1983 Malicious Prosecution Claim**

Baez's Second Cause of Action against Jackson is another § 1983 claim, this time alleging malicious prosecution. To state a § 1983 malicious prosecution claim, the plaintiff must allege that: (1) the defendant influenced the decision to initiate a criminal prosecution against the plaintiff, (2) there was a lack of probable cause for the prosecution, (3) the plaintiff suffered a deprivation of liberty apart from the initial arrest, and (4) the criminal proceeding ended in

5

plaintiff's favor. *Sykes v. Anderson*, 625 F.3d 294, 308–09 (6th Cir. 2010). Jackson argues that Baez has not properly alleged the second or third elements of this claim.

### 1.     **Lack of Probable Cause**

At paragraph 33 of his amended complaint, Baez alleges that Jackson referred his case to a grand jury on September 13, 2017. ECF Doc. 24 at 5. A finding of probable cause by a properly constituted grand jury conclusively determines the existence of probable cause to charge someone with a crime and, if necessary, to have them arrested. *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002). To rebut this presumption of probable cause, a plaintiff must present evidence that the defendant (1) recklessly or knowingly made false statements or omissions to the grand jury, (2) the false statements or omissions were material to the ultimate prosecution, and (3) the evidence does not consist solely of grand jury testimony or materials prepared for that testimony. *King v. Harwood*, 852 F.3d 568, 587–88 (6th Cir. 2017). Even if the suspect is later acquitted, the initial determination of probable cause is not vitiated. *Criss v. City of Kent*, 867 F.2d 259, 262 (6th Cir. 1988).

Baez has not alleged facts sufficient to overcome the presumption of probable cause resulting from the grand jury's indictment. He does not allege that Jackson made false statements or omissions to the grand jury which impacted their decision to indict the perpetrator, Antonio Baez. In short, even though Baez states that the warrant lacked probable cause, he has not alleged suffient facts to prove that allegation. In fact, his allegations that Jackson turned his investigation over to a grand jury actually created a presumption that probable cause existed. Because the lack of probable cause is an essential element of a § 1983 malicious prosecution claim, Baez has failed to allege sufficient facts to state such a claim.

### 2. Deprivation of Liberty Apart from Initial Arrest

Jackson also argues that Baez has not alleged any facts establishing a Fourth Amendment deprivation of liberty. To satisfy the third element of a § 1983 malicious prosecution claim, the plaintiff must show that "as a consequence of a legal proceeding, the plaintiff suffered a deprivation of liberty as understood in our Fourth Amendment jurisprudence, apart from the initial seizure." *Sykes*, 625 F.3d at 308–309. Courts in the Sixth Circuit generally find a deprivation of liberty when the plaintiff was "arrested or incarcerated, required to post bail or bond, or subjected to any travel restrictions." *Cummin v. North*, 731 F. App'x 465, 470 (6th Cir. 2018).

The court agrees with Jackson that Baez has not alleged any deprivation of his liberty sufficient to violate his rights under the Fourth Amendment. Baez was never arrested, required to post bail or subjected to any travel restrictions. Baez's complaint only suggests that his character may have been cast in a bad light and/or that he lost wages and earning capacity. But the Sixth Circuit has explicitly rejected "aggravation, financial cost, and personal humiliation" as grounds for deprivation of liberty in a malicious prosecution claim. *See Noonan v. County of Oakland*, 683 F. App'x 455, 463 (6th Cir. 2017).

Because Baez has not sufficiently alleged that there was a lack of probable cause or that he suffered a Fourth Amendment liberty deprivation, he has failed to state a § 1983 malicious prosecution claim against Jackson, and his Second Cause of Action must be dismissed.

### C. Baez's Fourth Cause of Action — Ohio Defamation Claim

#### 1. Statute of Limitation

Baez's Fourth Cause of Action is a defamation claim under Ohio law. Jackson first argues that this claim is barred by Ohio Rev. Code § 2305.11(A), which establishes a one-year statute of limitation for defamation claims. Jackson contends that he did not have actual or

7

constructive notice of the claim and, therefore, it cannot relate back to the original filing of Baez's complaint. Because Baez's amended complaint was filed more than a year after the alleged defamation, Jackson argues that it is barred by the statute of limitations.

Defamation claims in Ohio must be brought within one year after the cause of action accrued. R.C. § 2305.11(A). A party may amend his pleading after the expiration of the statute of limitations as long as it is related to the same transaction or occurrence as the original complaint. Fed. R. Civ. P. 15(c). However, when the proposed amendment is to substitute a party, there are additional requirements in order for the claim to properly "relate back." Within 90 days after the original complaint was filed, the substituted party must have: (1) "received such notice of the action that [the party] will not be prejudiced in defending on the merits," and (2) "knew or should have known that the action would have been brought against [the party]" but for a mistake in identity. Fed. R. Civ. P. 15(c)(1)(C).

Notice of an action, for purposes of determining whether a claim relates back under Rule 15, can be actual or constructive. *Ham v. Sterling Emergency Services of the Midwest, Inc.*, 575 F. App'x 610, 617 (6th Cir. 2014). Jackson has submitted a declaration stating that he did not know about this action within 90 days of its filing. Accordingly, he has established that he did not have actual notice. ECF Doc. 22-1. Thus, to show that this claim should relate back to the filing of the original complaint, Baez must show that Jackson had constructive notice. Factors relevant to constructive notice include the relationship between the defendants, whether the same attorney represented both defendants, and whether the new defendant is an "official" of the original defendant. *Ham*, 575 F. App'x at 618. District courts also consider whether the plaintiff had access to the information about the new defendants before the expiration of the statute of limitations. *Force v. City of Memphis*, 101 F.3d 702, at *3 (6th Cir. 1996) (table).

8

Although attorneys from the City of Cleveland's law department currently represent Jackson and previously represented Quentin Johnson, Jackson has declared that he had never had any regular involvement with the law department of the City of Cleveland. ECF Doc. 22-1. Baez has not responded to Jackson's declaration or arguments. There are no facts suggesting that Jackson has any relationship with Quentin Johnson. Because Baez has not alleged that Jackson had notice of the action,[3] and Jackson has produced a declaration stating that he did not, in fact, have notice of the claim, the court cannot find that Jackson had any notice of Baez's defamation claim before the expiration of the statute of limitation. ECF Doc. 22-1.

Because Baez has failed to show that Jackson had actual or constructive knowledge of this lawsuit before the statute of limitations expired, Baez's Fourth Cause of Action against Jackson is barred by Ohio Rev. Code § 2305.11(A) and must be dismissed.

### 2.     **Failure to State a Claim**

Alternatively, Jackson argues that Baez's defamation allegations are deficient. He argues that the summons and indictment cannot serve as the basis for a defamation claim and that the issuance of such documents cannot create a basis for defamation liability. He also contends that the summons and indictment did not include any false information, and that Baez failed to allege that it was Jackson who published them. Rather, he argues, it was the clerk of courts who served these documents. Because the documents themselves cannot be considered defamatory statements, because they did not contain false statements, and because Jackson did not publish them, Jackson argues that Baez's defamation claim must be dismissed. I agree.

---

[3] Baez's motion to amend states that he first learned of Jackson's identity when it was revealed to him "in the past few months." He stated that he learned it from the City of Cleveland's initial disclosures. Although this statement suggests that the City of Cleveland knew Jackson's identity as the investigating officer, it does not allege that Jackson was aware of the defamation claim. ECF Doc. 19 at 5.

9

To state a defamation claim against a defendant, plaintiff must allege that:  (1) defendant made a false statement, (2) about the plaintiff, (3) that the statement was published without privilege to a third party, (4) with fault or at least negligence on the part of the defendant, and (5) the statement was either defamatory *per se* or caused special harm to the plaintiff.  *Gosden v. Louis*, 116 Ohio App. 3d 195, 206, 687 N.E.2d 481 (1994).

Given the unusual facts of this case, it is quite apparent, even when construing Baez's allegations in a light most favorable to him, that he has not sufficiently alleged several of the elements needed to state a defamation claim against Jackson.  Jackson's investigation uncovered facts which led to the decision to charge an individual named Antonio Baez.  Baez does not allege that the information given to the prosecutor and grand jury concerning the intended Antonio Baez was false.  Moreover, according to plaintiff himself, these "statements" were not about him; they were about another individual with the same name.  And, as argued by Jackson, he was not the one who actually published the information to Baez's employer.  It was the clerk of courts whose agent served them at the request of the State of Ohio.  Accordingly, Baez has not sufficiently alleged that Jackson's statements were false; that they were made about him; or that Jackson published them.

Moreover, Baez has failed to allege that the statements were not privileged.  In some circumstances, a great enough public interest in encouraging uninhibited freedom of expression outweighs the right of the individual to protect his reputation by civil suit.  *M.J. DiCorpo, Inc. v. Sweeney*, 69 Ohio St.3d 497, 1994 Ohio 316, 634 N.E.2d 203 (1994).  On these occasions, the law recognizes that false and defamatory matter may be published without fear of civil lability.  *Id.*  When an absolute privilege applies, it protects the publisher of a false and defamatory statement even when he speaks with actual malice, in bad faith, and with knowledge of its falsity.  *Lee v. City of Upper Arlington,* 10th Dist. Franklin No. 03AP-132, 2003-Ohio-7157.

10

Statements made in judicial proceedings are absolutely privileged. *Id.; Hecht v. Levin*, 66 Ohio St.3d 458, 1993 Ohio 110, 613 N.E.2d 585 (1993). The absolute privilege or immunity for statements made in judicial proceedings extends to every step in the proceeding, from beginning to end. *Family Med of Stark Cty. v. Smart,* 2017-Ohio-5866 (5th Dist. 2017). Because the alleged defamatory statements involved here were made at the beginning of a judicial proceeding, Jackson was immune from liability for making them.[4]

Because Baez has not shown that Jackson had actual or constructive knowledge of his defamation claim prior to the expiration of the statute of limitation, this untimely claim is barred by Ohio Rev. Code § 2305.11(A). Alternatively, Baez has failed to sufficiently allege that Jackson published false, unprivileged statements about him; and, in any event, Jackson is immune from liability on such a claim. For these reasons, Baez's Fourth Cause of Action must be dismissed.

### D. Baez's Fifth Cause of Action — Ohio Malicious Prosecution Claim

Baez's final cause of action is a malicious prosecution claim under Ohio law. To state a claim for malicious prosecution under Ohio law, plaintiff must allege that defendant acted with: (1) malice in instituting the prosecution; (2) lacked probable cause to bring the case; and (3) plaintiff must allege that the case was terminated in his favor. *Froehlich v. Ohio Dept. of Mental Health*, 114 Ohio St.3d 286, 288, 871 N.E.2d 1159 (2007). There is no dispute that Baez's prosecution ended in his favor, but Jackson argues that Baez has not sufficiently alleged the first two elements of this claim. He also argues that Ohio Rev. Code. § 2744.03 provides immunity from this claim.

---

[4] The court also notes that information given to a grand jury is, by nature, not a statement of fact. Rather, it is information which, if proven true, results in a finding of guilt.

11

The first element of Ohio's malicious prosecution claim is malice. *Harris v. United States*, 422 F.3d 322, 327 (6th Cir. 2005). Malice under Ohio law means that the defendant acted with the state of mind to do a wrongful act without a reasonable lawful excuse and with the intent to inflict injury. *Id.* (citing *Criss v. Springfield Twp.*, 56 Ohio St.3d 82, 84, 564 N.E.2d 440 (1990)). In malicious prosecution cases, malice exists when the defendant acted with an "improper purpose" or "any other purpose than the legitimate interest in bringing an offender to justice." *Id.* Jackson argues that Baez has not alleged that he acted with malice.

Baez's complaint does not allege that Jackson had any ulterior purpose in conducting this investigation and carrying out his duties as a Cleveland police detective. Nor does he allege that Jackson purposely falsified the name of the perpetrator. Baez does allege that Jackson "acted in bad faith and in a reckless manner." ECF Doc. 24 at 13. But bad faith and reckless conduct do not meet the definition of malice under Ohio law. *See Rogers v. Barbera*, 170 Ohio St. 241, 244-245, 164 N.E.2d 162 (1960). Baez has not sufficiently alleged that Jackson acted with malice against him when he investigated the incidents leading to the charges against the actual perpetrator. And Baez has not alleged that the mistaken use of his name was maliciously done.

Also, as already explained above, Baez has not sufficiently alleged a lack of probable cause because, at paragraph 33 of his amended complaint, Baez alleges that Jackson referred his case to a grand jury on September 13, 2017. ECF Doc. 24 at 5. And, the grand jury indictment conclusively established the existence of probable cause. *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002). Baez has not attempted to overcome the presumption of probable cause arising from the grand jury indictment.

Because Baez has not sufficiently alleged that Jackson acted with malice in instituting the prosecution against Baez or that there was a lack of probable cause, Baez's Fifth Cause of Action for malicious prosecution under Ohio law must be dismissed.

### E. Immunity

Jackson also argues that Baez's state law tort claims of defamation and malicious prosecution should be dismissed because he is immune from liability under Ohio law. Ohio's Political Subdivision Tort Liability Act grants a political subdivision and its employees legal immunity for tort claims arising out of a governmental function. Ohio Rev. Code § 2744.01(A)(1). This immunity is, however, subject to a number of exceptions. Employees of a political subdivision are immune from tort liability unless (1) the employee acted outside the scope of employment, (2) the employee's act or omission was done "with malicious purpose, in bad faith, or in a wanton or reckless manner," or (3) a different provision of the Ohio Revised Code imposes civil liability. R.C. § 2744.03(A)(6). Whether a public employee is immune from liability under Ohio Rev. Code § 2744.03(A)(6) is a question of law. *Simon v. Mitchell*, 2017-Ohio-671, 85 N.E.3d 470, ¶15 (6th Dist.).

Other than some conclusory allegations, Baez's complaint does not allege facts suggesting that any of the exceptions to government employee immunity apply. To the contrary, in relation to both of his state law claims, Baez alleges that Jackson was "acting within the course and scope of his employment." ECF Doc. 24 at ¶¶97 & 110. This allegation directly negates one of the exceptions to government employee immunity. At most, Baez has alleged that Jackson should have exercised due care in conducting his investigation to determine that Baez was the wrong suspect. ECF Doc. 24 at 6–7. But even if the court accepts this allegation as true, there is no exception to governmental immunity arising from "merely negligent conduct." *Jones v. Norwood*, 1st Dist. Hamilton No. C-120237, 2013-Ohio-350, ¶45. Baez has not sufficiently pleaded or argued that one of the exceptions to government employee immunity applies to his case.

13

Ohio Rev. Code § 2744.01(A)(1) provides legal immunity for tort claims against employees of political subdivisions arising out of their performance of governmental functions. Baez has not argued that any of the exceptions to that immunity apply here, nor do the facts he has alleged suggest that any of the exceptions might apply.  Because Jackson was an employee of a political subdivision engaged in a governmental function, he is immune from the state law tort claims asserted in Baez's amended complaint.  This is an alternative basis for dismissing Baez's Fourth and Fifth Causes of Action.

## V. Conclusion

Because Baez has failed to sufficiently allege a § 1983 claim or a state law defamation or malicious prosecution claim against Defendant Jackson, and because Ohio Rev. Code § 2744.01(A)(1) makes Defendant Jackson immune from Baez's state law claims, the court hereby GRANTS Jackson's unopposed motion to dismiss.  ECF Doc. 34.

IT IS SO ORDERED.

Dated: October 8, 2020

Thomas M. Parker
United States Magistrate Judge